IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>STANLEY BERNARD SHARPER, JR. ) | CRIMINAL NO. 4:16-CR-00323-BHH |

**PRELIMINARY ORDER OF FORFEITURE AS TO**
**STANLEY BERNARD SHARPER, JR.**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Stanley Bernard Sharper, Jr. ("Sharper", "Defendant"), based upon the following:

1. On April 26, 2016, a multi-count Indictment ("Indictment") was filed charging Sharper with:

   Count 1:   possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e);

   Count 2:   possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1);

   Count 3:   possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Sharper's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

      A.    Firearms and Ammunition:

          1.    Phoenix Arms .22 caliber pistol
                Serial No.: 4336268
                Seized On: July 16, 2015
                Asset ID: 15-ATF-028104

          2.    Miscellaneous rounds of ammunition
                Seized On: July 16, 2015
                Asset ID: 15-ATF-028105

3. On October 13, 2016, Sharper entered into a plea of guilty as to Count 1 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Sharper has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Stanley Bernard Sharper, Jr., in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

      A.    Firearms and Ammunition:

          1.    Phoenix Arms .22 caliber pistol

                Serial No.: 4336268
                Seized On: July 16, 2015
                Asset ID: 15-ATF-028104

    2.      Miscellaneous rounds of ammunition
           Seized On: July 16, 2015
           Asset ID: 15-ATF-028105

    2.    Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

    3.    The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

    4.    Upon entry of this Order, the United States Bureau of Alcohol, Tobacco or Firearms or their designee is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

    5.    Any person, other than the named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2 (c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the

9. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks\
BRUCE HOWE HENDRICKS\
UNITED STATES DISTRICT JUDGE

December 8, 2016\
Florence, South Carolina